UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| V & SONS MARINE S.A. | CIVIL ACTION |
| | NUMBER: |
| VERSUS | SECTION: |
| COMERGE SHIPPING CO. LTD. | JUDGE: |
| | MAGISTRATE: |

**VERIFIED COMPLAINT, PRAYER FOR PROCESS AND RELIEF BY MARITIME ATTACHMENT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, V & Sons Marine S.A. (hereinafter "V Sons") and for its Verified Complaint against defendant, Comerge Shipping Co. Ltd. (hereinafter "Comerge"), *in personam*, alleges upon information and belief as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court within the meaning of Rule 9(h) and Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure in a cause of action for breach of a charter and/or contract of affreightment.

2. This action is for security in aid of arbitration pursuant to 9 U.S.C. §1, *et. seq.*, 9 U.S.C. §201, *et. seq.* and other applicable laws of the United States and/or the State of Louisiana. Plaintiff is entitled to arbitrate this matter in London pursuant to the applicable contracts and/or charter parties; alternatively, should it be found that plaintiff is not entitled to arbitrate this claim under the applicable contracts, this claim should be resolved before this Honorable Court.

3. At all times material, plaintiff V & Sons Marine S.A. was and is a corporation organized and existing under and by virtue of the laws of a foreign country, and at all times pertinent was the owner or disponent owner of vessels which it chartered or hired to others.

4. At all times material, defendant Comerge Shipping Co. Ltd. was and is a corporation organized and existing under and by virtue of the laws of a foreign nation, with its principal place of business outside the United States.

5. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief, defendant has property, goods, chattels, or credits and effects that are now or soon will be within this District, to-wit: bunkers aboard the M/V STELLA BELINDA.

6. V Sons entered into a charter party fixture and related agreements dated 7 July 2016, which V Sons refers to as if copied *in extenso*. Under these contracts, V Sons agreed to provide a vessel, the M/V MIM VANGELIS JR. to carry cargo for Comerge under a time charter. See attached exhibit "A" (Fixture Notes); Exhibit "B" (referenced charter party terms); and Exhibit "C" (Rider Clauses).

7. Indeed, a few weeks after the charter party agreement was concluded, V Sons even agreed to allow Comerege to bunker (fuel) the M/V MIM VANGELIS JR. before her prior charter party came to an end. See attached Exhibit "D."

8. But shortly thereafter, defendant Comerge wrongfully failed to accept delivery of the M/V MIM VANGELIS JR., and improperly attempted to cancel the V Sons/Comerge charter party agreement, thereby breaching the applicable charter and other agreements.

9. The aforementioned breach by defendant Comerge resulted in damages to V Sons. These damages total at least $365,668.00, as set forth in Exhibit "E." In addition, attorney fees

and costs, recoverable under English law in the Arbitration, are estimated at $150,000.00, for a total damages claim of $515,668.00. V Sons seeks 150% security as allowed by the Court, in the form of a Club Letter of Undertaking ("LOU") or cash bond – in a total amount of $773,502.00.

10. The applicable charter and related agreements provided for binding arbitration in London.

11. The purpose of this civil action is to obtain monetary security pending the conclusion of arbitration proceedings (security in aid of arbitration).

12. To the extent the owner of bunkers aboard the M/V STELLA BELINDA claims to be a nominally different entity than defendant herein, plaintiff claims the entities are commonly controlled entities and, at all relevant times, held and continue to hold themselves out to the world as being associated companies and are recognized as such within the maritime and shipping community.

13. Upon information and belief, the entities share officers, directors, and personnel.

14. Upon information and belief, the defendants regularly intermingle funds and interchangeably pay each other's debts.

15. Upon information and belief, the entities are alter egos of one another.

16. Upon information and belief, the common officers of the entities exercise complete domination and control over the other entities and/or disregard the other entities' corporate form and/or conduct the business and operations of the other defendants as if the same were the common officers' own, and vice versa; therefore, adherence to the fiction of the separate existence of the entities as distinct from one another would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

17. Plaintiff reserves the right to amend and/or supplement its pleadings as necessary and/or as the facts become more fully known.

18. On information and belief, the premises of this Complaint are true and correct, and within the Admiralty and Maritime jurisdiction of the United States of America and this Honorable Court.

WHEREFORE, plaintiff, V & Sons Marine S.A., prays that:

1. Process in due form of law, according to the rules of practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant, Comerge Shipping Co. Ltd., and that, after arbitration and/or due proceedings, there be judgment against defendant in the amount of $365,668.00, plus interest, costs and attorneys' fees at least in the amount of $150,000.00 (which are recoverable under English law, made applicable by the contracts herein);

2. That the bunkers aboard the M/V STELLA BELINDA be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims and 9 U.S.C. §8 and/or 9 U.S.C. §201, *et. seq.*, and the laws and statutes of the State of Louisiana for writ of foreign attachment in the amount of $773,502.00, plus interest, costs and attorneys' fees, all pursuant to writ of attachment as authorized or permitted by the Federal Rules of Civil Procedure and the laws and statutes of the State of Louisiana;

3. That after due proceedings be had, that any and all goods and chattels of defendant in the hands of third parties be retained within this jurisdiction pending the outcome of this litigation and/or arbitration proceedings (or pending the issuance of proper and solvent security by defendant); and

4. That plaintiff have such other and further relief as law and justice and equity may allow.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: ______________________________

Gary A. Hemphill (Bar #6768)
Michael M. Butterworth (Bar #21265)
Rachael E. Ferrante (Bar #35771)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Plaintiff, V & Sons Marine S.A.

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**RACHAEL E. FERRANTE**

who, upon being duly sworn, did depose and say:

That she is a member of the firm of Phelps Dunbar LLP, attorneys for plaintiff; that she has read the foregoing Complaint, and the facts contained therein are true and correct to the best of her knowledge, information, and belief, and that the source of this information is communications received from the plaintiff and their agents; that she has been authorized by the plaintiff to execute this verification on plaintiff's behalf; and that she makes this verification as attorney because no officer of plaintiff is located at the place of the Court.

Rachael Ferrante

RACHAEL E. FERRANTE

SWORN TO AND SUBSCRIBED BEFORE ME THIS 12TH DAY OF AUGUST, 2016.

NOTARY PUBLIC

Barry McGleskey, Jr.
Notary Public
State of Louisiana
Louisiana Bar Roll # 09151
My Commission is issued for life.

PD.19910696.1

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **V & SONS MARINE S.A.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:** |
| **COMERGE SHIPPING CO. LTD.** | **SECTION:** |
| | **JUDGE:** |
| | **MAGISTRATE** |

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**RACHAEL E. FERRANTE**

who, after being duly sworn, did depose and say that:

(1) She has personally conducted a diligent search in order to determine whether or not the foreign defendant in this action, Comerge Shipping Co. Ltd., can be found in this District.

(2) She has reviewed local internet telephone directories, searched the Louisiana Secretary of State's official corporate database website, and has conducted various web and internet searches; and

(3) Based upon the results of the inquiries hereinabove mentioned, to the best of her knowledge, information, and belief, the defendant cannot be found within the District within the

meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

RACHAEL E. FERRANTE

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 12TH DAY

OF AUGUST, 2016.

NOTARY PUBLIC

Robert Perry McCleskey, Jr.
Notary Public
State of Louisiana
Louisiana Bar Roll # 09151
My Commission is issued for life.